COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                   SUPERIOR COURT DEPT.
                                               NO. 91-2247 THRU 91-2251


COMMONWEALTH              )
                          )
        v.                )
                          )           04-12717 RCL
LUIS RIVERA               )
                          )

DEFENDANT'S FIRST VERIFIED[1]
MASS. CRIM. P. RULE 30(B)
MOTION FOR A NEW TRIAL WITH
EVIDENTIARY HEARING AND ASSIGN-
MENT OF COUNSEL REQUESTS

Now comes the defendant, in the above-entitled matter, and moves this court for a new trial pursuant to Mass. Crim. P. Rule 30(b), while requesting an evidentiary hearing and also requesting assignement of counsel for such hearing, pursuant to S.J.C. Rule 3:10 and Masss. G.L.c. 211D, §14, presenting the following meritorious ground one issue of ineffective appellate counsel, ground two issue of both the prosecutor and trial judge misstating the meaning of reasonable doubt, ground three issue of ineffective trial counsel who failed to prepare the defendant to testify and failed to object to obvious closing argument and instructional error, and ground four issue of the main state witness revealing previously undisclosed and concealed deals while recanting his perjured trial testimony.

---

[1] All statements made herein are made under pain and penalty of perjury and all transcript citations are true and accurate. Also affidavit from Jose Pacheco and Francis Pabon.

## STANDARDS GOVERNING RULE 30 PROCEEDINGS

In deciding whether to grant a Mass. Crim. P. Rule 30(b) motion, the primary question for the motion judge is whether "justice may not have been done," Commonwealth v. Gagliardi, 21 Mass. App. Ct. 439 (1986); Commonwealth v. Harrington, 379 Mass. 444, 449 (1980); Commonwealth v. Repoza, 400 Mass. 516, 518. 523 (1987); Commonwealth v. Tucerri, 412 Mass. 401 (1992).

Our Supreme Judicial Court has repeatedly stated that "if the original trial was infected with prejudicial error, the judge has no discretion to deny a new trial," Earle v. Commonwealth, 358 Mass. 181, 184 (1969); Commonwealth v. Penrose, 363 Mass. 677, 681 (1973); Lannon v. Commonwealth, 379 Mass. 786, 788 (1980); Commonwealth v. Cook, 380 Mass. 314, 320-321 (1980).

When decising this motion, this court must "make such findings of fact as are necessary to resolve the defendant's allegations of error of law," Commonwealth v Sullivan, 385 Mass. 497, 502 (1982); Commonwealth v. Grace, 397 Mass. 303, 305 (1986) as the plain language of Rule 30(b) requires, Id.

The judge has broad discretion as to the manner in which a new trial motion is heard by affidavit or by receiving oral testimony, Mass. Crim. P. Rul3 30 (c)(3)(4), and an evidentiary hearing on non-disclosed rewards provided a main witness in Hampden County presents a serious evidentiary hearing question, Commonwealth v. Hill, 432 Mass. 704, 710 n. 15 (2000). However, "where a substaintial issue is supported by a substantial evi-

appellate counsel," Gaines v. Matesanz, 272 F. Supp. 2d 121, 143 (D.C. Mass. 2003) quoting Commonwealth v. Sowell, 34 Mass. App. Ct. 229, 232 (1993) quoting Gray v. Greer, 800 F. 2d 644, 646-647 (7th Cir. 1985) cited with approval in Smith v. Robins, 528 U.S. 259, 288 (2001).

This court must have attorney Couture testify at an evidentiary hearing providing his explaination, of, or admission to non-strategic omissions or a federal evidentiary hearing must be held, Mapes v. Coyle, 171 F. 3d 408, 427-429 (6th Cir. 1999); Williams v. Taylor, 120 S. Ct. 1479, 1490 (2000).

After such an evidentiary hearing, attorney Couture's non-strategic omission of grounds two and three support this court granting a new trial, Roe v. Delo, 160 F. 3d 416, 418-420 (8th Cir. 1999); Commonwealth v. Perrot, supra; Commonwealth v. Skinner, Plymouth nos 90030, 90031 (08/21/01 Tierney, J.), or vacating the conviction and reinstaing it to restart the one year time limit 28 USC §2244 federal habeas corpus review clock, Commonwealth v. Stubbs, 15 Mass. App. Ct. 955 (1983) because a sixth amendment "deprivation (is) subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation," United States v. Morrison, 449 U.S. 361, 364 (1981) and "the only appropriate remedy for a violation of the sixth amendment is to restore the defendant as much as possible ... to the circumstances that would have existed had there been no constitiutional error," United States v. Duran-Benitez, 110 F. Supp. 2d 135, 155 (E.D. N.Y. 2000).

      **GROUND TWO:** THE DEFENDANT'S CONVICTION WAS UNLAWFULLY OBTAINED BY TWO RELATED MISSTATEMENTS OF PROOF BEYOND A

misstatement of law, United States v. Grassrope, 342 F. 3d 866 870-871 (8th Cir. 2003)(collecting cases), although even a single misstatement of law by a state prosecutor supports 28 USC §2254 Federal Habeas Corpus relief when trial evidence may be fairly characterized as weak, Pagano v. Allard, 218 F. Supp. 2d 26, 32-38 (D.C. Mass. 2002)[4]

This is also not a case where jury instructions merely "contain(ed) one slip" on reasonable doubt, Gaines v. Matesanz, 272 F. Supp. 2d 121, 133-134 (D.C. Mass. 2003), although a single isolated misstatement of reasonable doubt does support granting a new trial, Commonwealth v. Pickles, 393 Mass. 775, 776-780 (1984); Commonwealth v. Wood, 380 Mass 545, 547-551 (1980) and Justice Abrams did forewarn judges to avoid the mistake made in the case at bar four years before the defendant's 1992 trial, Commonwealth v. Santos 402 Mass. 775, 788 (1988).

The misconduct here was **not** "slight or confined to a single instance, but ... was pronounced and presistant, with a probable **cumulative effect** upon the jury which cannot be disregarded as inconsequential," Berger v. United States, 295 U.S. 78, 89 (1935).

In the case at bar the prosecutor deliberately and forcefully argued that proof beyond a reasonable doubt paralogically means the state's burden is **"not beyond every reasonable doubt"**

---

[4] At page 90 of the June 29, 1992 transcript Judge Ford complements the experienced state prosecutor for how he conducted the trial while no curative instructions were given for the obviously improper closing argument misstatements of law (06/29/92 Trans. page 55).

-9-

clearly approved by judge Ford instructing "proof beyond a reasonable doubt does **not** mean ... **proof beyond all reasonable doubt**," which "essentially told the jurors that they needed some undefined amount" of reasonable doubt, which "defied comprehension," Lanigan v. Maloney, 853 F. 2d 40, 46-47 (1st Cir. 1988)("a degree of moral certainty" ... "not beyond an absolute doubt"). The "cumulative effect" of two paralogical misstatements of reasonable doubt "was to obfuscate one of the essentials of due process and fair treatment," Dunn v. Perrin, 570 F. 2d 21, 25 (1st Cir. 1978) and falls into the catagory of "structural error," Sullivan v. Louisiana, 508 U.S. 275, 280-282 (1993).

With respect to the improper closing argument in the case at bar, this case falls under a cumulative prejudice analysis similar to "the comments in Caldwell (which) were approved by the trial judge, "Darden v. Wainwright, 477 U.S. 168, 183 n. 15 (1985)(distinguishing argument which did not implicate a specific constitutional right) citing Caldwell v. Mississippi, 472 U.S. 320, 339-340 (1985)(improper argument was "focused, unambiguous and strong").

The trial judge's repeating the obviously confusing misstatement of law by the prosecutor "placed a stamp of imprimature on the prosecutor's statement, ensuring the denial of the (defendant's) constitutional right," Pagano v. Allard, 218 F. Supp. 2d 26, 35 (D.C. Mass. 2002) to be proven guilty beyond a reasonable doubt, by creating the "appearance of judicial approval," Mahorney v. Wallman, 912 F2d 469, 473 n. 4 (10th Cir. 1990)(writ granted when prosecutor's misstatement of law

specifically allowed by state trial judge).

No physical evidence linked defendant Luis Rivers to the crime scene and only cooperating witnesses with deals and motive to lie testified directly against him at trial, Commonwealth v. Rivera, 424 Mass. 266 (1997). Such errors are not harmless where a case turns on witness credibility, Mahorney v. Wallman, supra, 917 F. 2d at 474; Pagano v. Allard, supra, 218 F. Supp. 2d at 36-37, or where a main government witness has questionable credibility, United States v. Beale, 921 F. 2d 1412, 1425 (11th Cir. 1991); United States v. Beckman, 222 F. 3d 512, 524-527 (8th Cir. 2000) or where there is a question of credibility of several witnesses, United States v. Crutchfield, 26 F. 3d 1098, 1103 (11th Cir. 1994) and is not harmless error where three cooperating witnesses with deals had a motive to lie, United States v. Blakey, 14 F. 3d 1557, 1561 (11th Cir. 1994) even when other evidence tends to circumstantially corroborate cooperating witnesses, Coppola v. POwell, 878 F. 2d 1562, 1569-1571 (1st Cir. 1989) and still does not become harmless error when eight(8) cooperating witnesses with deals implicate a defendant, United States v. Hands, 184 F. 3d 1322, 1326-1334 (11th Cir. 1999). Without a confession, an incorrect explaination of reasonable doubt cannot be harmless error, Lanigan v. Maloney, 853 F. 2d 40, 50 (1st Cir. 1988) even when other evidence "was substantial," Dunn v. Perrin, 570 F. 2d 21, 25 (1st Cir. 1978); Commonwealth v. Wood, supra; Commonwealth v. Pickles, supra; Commonwealth v. Sullivan, 20 Mass. App. Ct. 802, 803-807 (1983).

-11-

Where, as here, the trial depended on witnesses questionable credibility, the two erroneous explanations of reasonable doubt cannot be deemed to be harmless error, Commonwealth v. Kelleher, 395 Mass 821, 8220828 (1985); Commonwealth v. Rembiszbuski, 391 Mass 123 (1984).

**GROUND THREE:** THE DEFENDANT'S CONVICTION WAS UNLAWFULLY OBTAINED THROUGH MULTIPLE NON-STRATEGIC OMISSIONS BY INCOMPETENT AND INEFFECTIVE ASSIGNED C.P.C.S. ATTORNEY ALAN BLACK, IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND MASS. DECLARATION OF RIGHTS ARTICLE 12

**FACTS SUPPORTING GROUND THREE:**

As attorney Black is expected to admit in his evidentiary hearing testimony that he had no strategic reason for failing to object to ground two, supra, misstatements of the law on reasonable doubt, that he totally failed to prepare the defendant to testify, failed to interview witnesses and failed to call the main state witnesses (Jose Pacheco's) mother to testify he was with her at the time of the offenses.

The defendant's affidavit verfies he was not prepared to testify by attorney Black and after he is prepared by new counsel he shall testify truthfully to his actual innocence at the evidentiary hearing in this case.

**APPLICATION OF THE LAW TO THE FACTS:**

Following the 1985 decision in A Juvenile, supra, the 1986 decision in Quirk, supra, and the 1988 decision in Santos, supra, any minimally competent lawyer would have made a strong contemporaneous objection to ground two supra, obviously prejudicial misstatements of law on reasonable doubt by both the trial prose-

cutor and trial judge, Mello v. DiPaulo, 295 F. 3d 137, 148 (1st Cir. 2002)("the Commonwealth's contention that the prosecutor's closing argument must not have been so prejudicial if Mello's counsel failed to object plainly misses the point"). After attorney Alan Black testifies, this court should make a Mass. Crim. P. Rule 30(b) finding that **defendnant Rivera "has shown that the failure(s) to object (were) based on simple incompetence and not on trial strategy,"** Washington v. Hofbauer, 228 F. 3d 689, 707 (6th Cir. 2000); Cargle v. Miller, 317 F. 3d 1196, 1217 (10th Cir. 2003); Cox v. Donnelly, 267 F. Supp. 2d 418 (E.D. N. Y. 2003); Corsa v. Anderson, 443 F. Supp. 176, 178 (E.D. Mich. 1977); Oyola v. Boles, 947 F. 2d 928, 930-935 (11th Cir. 1991); Gray Lynn, 6 F. 3d 263, 269-270 (5th Cir. 1993); Commonwealth v. Kane, 19 Mass. App. Ct. 129, 142 (1984).

Similarly, attorney Black being too lazy to obtain Jose Pacheco's bail hearing transcript of the undisclosed deal falls under ground four, infra, cumulative error analysis "in connection with a claim that petitioner's trial attorney was ineffective for failing to investigate adequately whether a witness had a deal with prescutor's," Cargle v. Mullin, 317 F. 3d 1196, 1216 (10th Cir. 2003) and "the prejudice flowing from such counsel error is magnified here by crucial nature of (Pacheco's) testimony to the state's case," Id. The related failure to interview and call Jose Pacheco's mother to testify that Pacheco was home with her at the time of the murders, thereby exposing the deliberately false testimony presented by prosecutors, clearly amounted to ineffective assistance of trial counsel,

Commonwealth v. Farley, 432 Mass. 153, 156 (2002); Pavel v. Hollins, 261 F. 3d 210, 219-229 (2nd Cir. 2001); Berryman v. Morton, 100 F. 3d 1089, 1096-1102 (3rd Cir. 1996); Griffin v. Warden, 970 F. 2d 1355, 1358 (4th Cir. 1992); Harris v. Reed, 894 F. 2d 871, 878-879 (7th Cir. 1990); Chambers v. Armontrout, 885 F. 2d 1318, 1320-1224 (8th Cir. 1989); Lord v. Wood, 184 F. 3d 1083, 1093-1095 (9th Cir. 1999); Fisher v. Gibson, 282 F. 3d 1283, 1289-1311 (10th Cir. 2002); Scott v. Wainwright, 698 F. 2d 427, 429-430 (11th Cir. 1983) because "an attorney who fails to interview a readily available witness whose non-cumulative testimony may potentially aid the defense should not be allowed automatically to defend his omissions simply by raising the shield of trial strategy and tactics," Crisp v. Duckworth, 743 F. 2d 580, 584 (7th Cir. 1994); United states Ex Rel Cosey v. Wolff, 562 F. Supp. 871, 878-879 (N.D. Ill. 1983), grant of writ affirmed 727 F. 2d 656 (7th Cir. 1984); Sullivan v. Fairman, 819 F. 2d 1382, 1389 (7th Cir. 1987). This is true because "counsel's anticipation of what a potential witness would say does not excuse the failure to find out," United States v. Moore, 554 F. 2d 1086, 1093 (D.C. Cir. 1976); United States v. Gray, 878 F. 2d 702, 711-712 (3rd Cir. 1989) and "an attorney's performance is deficient when he or she fails to conduct any investigation into exculpatory evidence and has not provided any explaination for not doinf so, Stevens v. Deleware Correctional Center, 152 F. Supp. 2d 561, 576 (D. Del. 2001). Attorney Black's testimony must be taken at an evidentiary hearing on his failure to obtain a bail hearing

transcript to verify Pacheco's deal, and failure to interview and call Pacheco's mother to testify, Commonwealth v. Aviles, 40 Mass. App. Ct. 440, 443-447 (1996) as well as both Black's and defendant's testimony taken at an evidentiary hearing on lazy attorney Black's complete failure to prepare the defendant to testify, Commonwealth v. Licata, 421 Mass. 654, 661-662 (1992).

The defendant's right to testiy is one of the most basic and fundamental components of the right to present a defense, Rock v. Arkansas, 483 U.S. 44 (1987) and a failure to prepare or a lack of knowing, intelligent and voluntary wavier claim cannot properly be resolved without an evidentiary hearing, Gallego v. United States, 174 F. 3d 1196, 1198-1199 (11th Cir. 1999) where, as here, attorney Black never advised the defendant that it was solely the defndant's decision, as required by C.P.C.S. Rules, and completely failed to prepare him to testify. After a full evidentiary hearing this sub-claim is sufficient standing alone to support an order for a new trial, Commonwealth v. Freeman, 29 Mass. App. Ct. 635, 639-641 (1990); United States v. Butts, 630 F. Supp. 1145, 1146-1148 (D. Me. 1986); Deluca v. Lord, 858 F. Supp. 1330, 1350-1360 (S.D. N.Y. 1994).

New assigned counsel is required to obtain evidence corroborating the defendant's new trial motion testimony.

> **GROUND FOUR:** THE DEFENDANT'S CONVICTION WAS UNLAWFULLY OBTAINED BY THE PROSECUTOR'S KNOWING AND DELIBERATE PRESENTATION OF FALSE TESTIMONY AND CONCEALMENT OF A BAIL RELEASE DEAL WITH CO-DEFENDANT JOSE PACHECO WHOSE CHARGES WERE DISMISSED AS A REWARD FOR HIS PERJURED TESTIMONY, IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES

AND ARTICLE 12 OF THE MASSACHUSETTS DECLARATION
OF RIGHTS

FACTS SUPPORTING GROUND FOUR:

Prior to and during trial the prosecutor falsely claimed there were no deals with the main state witness Jose Pacheco, that he did not get out on bail as part of any deal, and ground three, supra, ineffective attorney Alan Blck failed to obtain Pacheco's bail release hearing transcript, which must now be ordered with the prosecutor's file and notes also ordered produced at the ground four evidentiary hearing. The affidavit of Jose Pacheco avers he was released on bail as part of a deal.

Jose Pacheco did not witness the defendant commit any crime and did not witness the murders [as corroborated by Pacheco's testimony conflicting with crime scene evidence and other witnesses]. Pacheco was at his mother's house in Holyoke at the time of the murders and was not at the crime scene. Although not admissible into evidence without stipulation of agreement from the prosecutor, Pacheco is willing to take a polygraph to verify he did not witness the murders, as is standard practice for federal prosecutors and other state's prosecutors to verify or refute a cooperating witnesses story.

Hampden County prosecutor Howard Safford verbally told Jose Pacheco that in return for his testimony he would be released on low bail and not prosecuted for joint-venture participation in the offenses.

Jose Pacheco's murder related charges were dismissed and

-16-

he was released on bail, as records newly assigned counsel is obtaining shall verify.

### APPLICATION OF THE LAW TO THE FACTS:

As an initial matter the prosecutor's files and notes must be ordered produced and, after In Camera Judicial inspection, disclosed, while Pacheco's bail release hearing transcript ordered and evidentiary hearing testimony heard from attorney Charles Stephenson, prosecutor Howard Safford, witness Jose Pacheco, and corroborating witness Francis Pabon; Commonwealth v. Hill, 432 Mass. 704, 710 n. 15 (2000); Blackmon v. Scott, 22 F. 3d 560, 564-567 (5th Cir. 1994)[5].

The truthful affidavit of Pacheco with his polygraph verfied evidentiary hearing truthful testimony of not being present at the scene of the murders, presents an actual innocence based independant due process violation or right to fundamentally fair trial because a state cannot leave a conviction in place after a credible recantation by a main witness most likely would have changed the outcome of the trial, Sanders v. Sullivan, 900 F. 2d 601, 602-608 (2nd Cir. 1990)(release ordered by writ of habeas corpus when main witnesses' post-conviction affidavit filed admitting the witness committed perjury by falsely testifying at trial he saw a defendant shoot and kill someone).

---

[5] The dismissal of Pacheco's charges and bail release presents a more compelling foundation for a hearing than Commonwealth v. Holmes, 46 Mass. App. Ct. 550, 560-561 (1999) Habeas Corpus pending Holmes v. Pepe 06-10995-RCL (2002 briefing for 2004 decision).

-17-

Because "little direct or circumstatial evidence supported either side's version of events," Ellsworth v. Warden, 333 F. 3d 1, 9 (1st Cir. en banc 2003)(Torrudla, J., concurring) and "the materiality inquiry is a context specfic determination," Spicer v. Roxbury Correctional Institution, 194 F. 3d 547, 560 (4th Cir. 1999) the bail hearing transcript verification of a deal can support an order for a new trial based on the weak uncorroborated evidence in this case, even if the later dismissal of charges claim is not verified.

However, if dismissal of charges is found to be be part of the undisclosed deal, then a new trial **must** be granted, Commonwealth v. Collins, 386 Mass. 1, 8-12 (1982); Commonwealth v. Hill, supra, 431 Mass. at 711-720; Ely v. Matesanz, 983 F. Supp. 2d 21, 35-45 (D.C. Mass. 1997); Jenkins v. Artuz, 294 F. 3d 284, 292-297 (2nd Cir. 2002).

### CONCLUSION

Counsel **must** be assigned and after a full evidentiary hearing a new trial **must** be granted[6].

Most Respectfully Submitted,

November 6, 2003
given to prison staff to
mail November 5, 2003

Luis Rivera Pro Se
P.O. Box 100
South Walpole, Ma 02071

Copy served on:
District Attorney William Bennett
50 State Street Street
Springfield, Ma

---

[6] Or if either the Superior Court erroneously denies ground two
(continued next page)

---

[6](continued from previous page)
and three on the merits ground one relief of vacating and re-
imposing the condition to restart 28 USC §2244 one year clock
for 28 USC §2254 Federal Habeas Corpus review, <u>must be allowed</u>
as the appropriate remedy for ineffective assistance of direct
appeal counsel.