UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS RIVERA, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>DAVID NOLAN, )<br>)<br>Respondent. )<br>) | Civil Action No. 04-12717-RCL |

**RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED**

**Introduction**

The respondent, David Nolan, respectfully submits this memorandum of law in support of his motion to dismiss the petition for writ of habeas corpus filed by the petitioner, Luis Rivera. The petition must be dismissed as time-barred under 28 U.S.C. § 2244(d), the statute of limitations for federal habeas corpus petitions, which is contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). A brief recitation of the facts relevant to the statute of limitations analysis (set forth in greater detail below) is as follows: the petitioner's conviction was affirmed by the Massachusetts Supreme Judicial Court ("the SJC") on February 13, 1997. *See Commonwealth v. Rivera,* 424 Mass. 266 (1997). The petitioner's petition for a writ of certiorari was denied by the United States Supreme Court on October 13, 1998, and at that time the petitioner's conviction became final for purposes of AEDPA. Any petition for a writ of habeas corpus needed, therefore, to be filed in this Court on or before October 13, 1999. The petitioner did not, however, file his habeas corpus petition until December 28, 2004 -- more

than five (5) years after the time for filing any such petition had expired. Accordingly, the petition must be dismissed as time-barred.

### Prior Proceedings

On June 29, 1999, a Hampden County jury found the petitioner guilty of two counts of murder in the first degree and a count of unlawful possession of a firearm. *See* Docket Sheet for Hampden County Superior Court Criminal Action No. 1991-02247 (hereinafter, "Docket Sheet"), attached hereto as Exhibit A. The petitioner appealed this conviction to the SJC, and the SJC affirmed petitioner's conviction on February 13, 1997. *See Commonwealth v. Luis Fernando Rivera,* 424 Mass. 266 (1997). The petitioner applied for a writ of certiorari in the United States Supreme Court, but his petition was denied on October 13, 1998. *See Petition for Writ of Habeas Corpus* (hereinafter "Petition"), ¶ 9(f).

On November 10, 2003, the petitioner filed a motion for a new trial in the Superior Court. *See* Docket Sheet, Exhibit A. This motion was denied on November 20, 2003. *See id.* The petitioner filed an application for review pursuant to G.L. c. 278, § 33E (a "Gatekeeper Petition") with the SJC, but this application was denied on December 14, 2004. *See Petition,* ¶ 11(b)(6).

The instant federal habeas petition was filed in this Court on December 28, 2004.

### Argument

**The Petition Must Be Dismissed as Time-Barred Under the Statute of Limitations for Federal Habeas Corpus Petitions.**

The petitioner's request for a writ of habeas corpus must be dismissed under the statute of limitations enacted by Congress as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §2244(d), which became effective April 24, 1996. That

provision, which is applicable to federal habeas corpus petitions filed by state prisoners, provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) *the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(emphasis added).

In the instant case, the Supreme Court denied the petitioner's petition for a writ of certiorari on October 13, 1998. *See Petition,* ¶ 9(f). Under AEDPA, the petitioner's conviction became final on that date. *See* 28 U.S.C. § 2244(d)(1)(A). The petitioner had, therefore, until October 13, 1999, to file his habeas petition. *See id.* The petitioner did not, however, file his petition until December 28, 2004, more than five years after the expiration of the time to file the petition. Accordingly, the petition is untimely and must be dismissed.[1] *See* 28 U.S.C. §

---

[1] The petitioner may assert that his habeas petition is timely since he filed a motion for new trial, and the limitations period for seeking a writ of habeas corpus may be tolled during
(continued...)

2244(d)(1)(A); *see also David v. Hall*, 318 F.3d 343, 344 (1st Cir. 2003)*; Lattimore v. DuBois,* 311 F.3d 46, 53-54 (1st Cir. 2002); *Gaskins v. Duval,* 183 F.3d 8, 9-10 (1st Cir. 1999).

## Conclusion

For the reasons set forth above, the respondent respectfully requests that this Court dismiss this habeas petition on the grounds that it is time-barred.

    Respectfully submitted,

    THOMAS F. REILLY
    ATTORNEY GENERAL


    /s/ Maura D. McLaughlin
    Maura D. McLaughlin (BBO # 634923)
    Assistant Attorney General
    Criminal Bureau
    One Ashburton Place
    Boston, Massachusetts 02108
    (617) 727-2200, ex. 2857

Dated: February 1, 2005

---

[1](...continued) periods in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). However, the motion for a new trial was not filed until November 10, 2003. *See* Docket Sheet, Exhibit A. By that time, the period for filing a habeas petition had already been expired for over four (4) years. Thus, the filing of the motion for a new trial cannot save the current habeas petition from dismissal.

## Certificate of Service

      I hereby certify that on February 1, 2005, I caused a copy of the above document to be served via first class mail, postage prepaid, upon Mr. Luis Rivera, petitioner *pro se*, W-52832, MCI- Cedar Junction, Post Office Box 100, South Walpole, Massachusetts 02071.


                                          /s/ Maura D. McLaughlin
                                          Maura D. McLaughlin

# EXHIBIT A

# Commonwealth of Massachusetts
## HAMPDEN SUPERIOR COURT
### Case Summary
### Criminal Docket

## Commonwealth v Rivera Jr, Luis Fernando

Details for Docket: HDCR1991-02247

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | HDCR1991-02247 | **Caption:** | Commonwealth v Rivera Luis Fernando |
| **Entry Date:** | 09/04/1991 | **Case Status:** | Crim 1 CtRm 1 |
| **Status Date:** | 06/29/1992 | **Session:** | Disposed |
| **Lead Case:** | NA | **Deadline Status:** | |
| **Trial Deadline:** | | **Jury Trial:** | NO |

## Parties Involved

2 Parties Involved in Docket: HDCR1991-02247

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Defendant |
| **Last Name:** | Rivera Jr | **First Name:** | Luis Fernando |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Plaintiff |
| **Last Name:** | Commonwealth | **First Name:** | |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

## Attorneys Involved

1 Attorneys Involved for Docket: HDCR1991-02247

| | | | | |
|---|---|---|---|---|
| **Attorney Involved:** | | **Firm Name:** | HAMP02 | |
| **Last Name:** | Montori | **First Name:** | Jane D | |
| **Address:** | 50 State Street | **Address:** | Hall of Justice | |
| **City:** | Springfield | **State:** | MA | |
| **Zip Code:** | 01102 | **Zip Ext:** | | |
| **Telephone:** | 413-747-1000 | **Tel Ext:** | | |
| **Fascimile:** | 413-781-4745 | **Representing:** | Commonwealth, (Plaintiff) | |

## Calendar Events

No Calendar Events found for Docket: HDCR1991-02247.

There are currently no calendar events associated with this case.

## Full Docket Entries

23 Docket Entries for Docket: HDCR1991-02247

| Entry Date: | Paper No: | Docket Entry: |
|---|---|---|
| 09/04/1991 | 1 | Indictment returned |
| 06/29/1992 | | Case disposed as of this date |
| 02/19/2003 | | Case entered for indexing purposes: See docket book text for docket |
| 02/19/2003 | | information |
| 11/10/2003 | 105 | Motion by Deft: for assignment of counsel and for scheduling of full |
| 11/10/2003 | 105 | evidentiary hearing |
| 11/10/2003 | 105 | Affidavit of Luis Rivera in support of motion for new trial |
| 11/10/2003 | 105 | evidentiary hearing and assignment of counsel |
| 11/10/2003 | 106 | Motion by Deft: first verified Rule 30 for new trial with evidentiary |
| 11/10/2003 | 106 | hearing and assignment of counsel |
| 11/10/2003 | 107 | Appearance of Commonwealth's Atty: Jane D Montori |
| 11/20/2003 | | Motion (P#105 & 106) denied see pleading (Ford, Justice). Copies |
| 11/20/2003 | | mailed 11/24/03 |
| 03/09/2004 | 108 | NOTICE of APPEAL FILED by Luis Fernando Rivera Jr |
| 09/01/2004 | 109 | AT S.J.C. FOR SUFFOLK COUNTY-- Notice of Docket Entry re.: Motion |
| 09/01/2004 | 109 | for assignment of counsel with leave to late file for good cause, |
| 09/01/2004 | 109 | filed by Luis Rivera, pro se -- Motion for assignment of counsel with |
| 09/01/2004 | 109 | leave to late file for good cause is denied without hearing. |
| 09/16/2004 | 110 | AT S.J.C. FOR SUFFOLK COUNTY: Notice of Docket Entry re.: Modified |

| 09/16/2004 | 110 | Order -- It is ordered that the leave to late file the aplication is allowed without hearing. |
| 09/16/2004 | 110 | |
| 12/20/2004 | 111 | AT S.J.C. for Suffolk County: Notice of Docket Entry: Memorandum and Order - The defendant's petition is hereby denied. |
| 12/20/2004 | 111 | |

## Charges

No Charges found for Docket: HDCR1991-02247.

There are currently no charges associated with this case.

© Copyright, Massachusetts Administrative Office of the Trial Court, 2000 - 2001.