```
                    UNITED STATES DISTRICT COURT
                              FOR THE
                      DISTRICT OF MASSACHUSETTS

LUIS RIVERA,                       *
            Petitioner,            *
                                   *
v.                                 *    NO. 04-12717-RCL
                                   *
DAVID NOLAN,                       *
            Respondent.            *
```

**PETITIONER'S PRELIMINARY OPPOSITION TO RESPONDENT'S
MOTION TO DISMISS WITH CROSS-MOTION TO ASSIGN
COUNSEL FOR HABEAS RULE 8 FULL EVIDENTIARY HEARING**

Now comes the pro se petitioner, and in relation to his concealed exculpatory evidence and newly discovered presentation of prejury testimony ground for claims, moves this Honorable Court, pursuant to 18 USC §§3006A(b)(c), 3006A(1)(3) and Rule 8 of the rules governing 28 USC §2254 habeas corpus cases to assign counsel for the necessary evidentiary hearing, Liebman, Federal Habeas Corpus Practice and Procedure, §12.3 (4th Edition 2001 with 2004 updated supplement); Gonzales-Soberal v. United States, 244 F3d. 273, 277-279 (1st Cir.2001); Alford v. United States, 709 F2d. 418, 423 (1st Cir.1983); Swazo v. Warden, 23 F3d. 332, 333-334 (10th Cir.1994); Roney v. United States, 205 F3d. 1061, 1062-1063 (8th Cir.2000); United States v. Iasiello, 166 F3d.212, 213 n.3 (3rd Cir.1999); ellsworth v. Warden, 333 F3d. 1, 7-9 (1st Cir. en banc 2003), where the

1.

state prosecuter, the state's main witness and his attorney must testify.

The October 7, 2003 affidavit of Jose Pacheco attached to the petition and reattached hereto shows the November 10, 2003 new trial motion was timely filed on December 28, 2004, only two weeks after the single justice denied <u>Commonwealth v. Rivera</u>, SJC #04-0338 leave to appeal on December 14, 2004, which falls under the state concealment of exculpatory evidence or perjured testimony provisions of 28 USC §2244(d)(1)(D) concerning one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due dilligence," <u>id.</u>

This Court also <u>must</u> require respondent to file the state court new trial motion proceeding and appeal record, pursuant to habeas rule 4, and the trial transcripts, pursuant to habeas rule 5, for a materiality analysis of the concealed perjury and exculpatory undisclosed low bail release deal for the states main witness Jose Pacheco.

In addition to counsel being necessary to fully develop the record concerning the concealed perjury and exculpatory deals, the remaining ineffective assistance related grounds one, two and three concerning obviously meritorious jury instruction errors related to similar closing argument errors, would be better addressed with C.J.A. assigned counsel filing a

full opposition to respondent's motion to dismiss.

### CONCLUSION

The motion to dismiss <u>must</u> be denied with respect to ground four counsel <u>must</u> be assigned in relation thereto and this Court should defer ruling on ground one, two and three until assigned counsel files a full opposition to the motion to dismiss.

February  7 , 2005.

Respectfully Submitted,

*Luis F. Rivera*

LuisRivera, <u>pro se</u>
P.O. Box 100
S.Walpole, MA. 02071

Copy served on assistant
attorney general,
Maura Mclaughlin.

3.