UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LUIS RIVERA,<br>　　　　Petitioner<br><br>v.<br><br>DAVID NOLAN,<br>　　　　Respondent | Civil Action No. 04-12717-RCL |

**ORDER ON RESPONDENT'S MOTION TO DISMISS THE PETITION**

This is a case arising from a petition filed by Luis Rivera (the "petitioner") for habeas corpus relief pursuant to 28 U.S.C. §2254. The petition asserts, as grounds for relief, ineffective assistance of appellate counsel in the failure of counsel to argue meritorious grounds for appeal; misstatements of the prosecution's burden of proof both by the prosecutor, in closing argument, and in the final instructions given to the jury by the court; ineffective assistance of trial counsel in the failure of counsel to call certain witnesses and to object to the admission of certain evidence; prosecutorial misconduct in the procuring and offering of false testimony and in the concealment of exculpatory evidence. The petitioner asserts all of these grounds pursuant to the Sixth and Fourteenth amendments to the Constitution of the United States. The respondent has moved to dismiss the petition on the ground that it is time barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year limitation period with respect to habeas petitions filed in federal court by state prisoners; the period begins to run from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

2244(d)(1)(A). The record in this case indicates that, following the affirmance of the petitioner's conviction by the Supreme Judicial Court of Massachusetts in 1997, *Commonwealth v. Rivera,* 424 Mass. 266 (1997), the petitioner applied for a writ of certiorari from the Supreme Court of the United States. The Court denied that petition on October 13, 1998. *Rivera v. Massachusetts,* 525 U.S. 934 (1998). Thus under AEDPA, the petitioner's conviction became final on October 13, 1998 and he had one year from that date, or until October 13, 1999, to file his habeas petition. The petition, however, was not filed until December 28, 2004, more than five years after the expiration of the period of limitations.

The petitioner points to a motion for new trial which he filed on November 10, 2003, presumably to suggest that the motion offers a reprieve from the running of the limitation peroid. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). The problem with the petitioner's arguent, however, is obvious: by the time the motion for new trial was filed in 2003, the limitation period had already expired. Specifically, on October 13, 1999, one year after the petitioner's conviction became final by the denial of the application for certiorari, AEDPA foreclosed federal habeas review. Thus, by the time the motion for new trial was filed, there was no limitations to suspend; the period had run. The motion for new trial could not resuscitate the present habeas claim once the limitation period had completely run its course.

Accordingly, the respondent's motion to dismiss the petition is granted. Because the disposition of the petition here is a result of straightforward application of the AEDPA statute of

2

limitations, the petition raises no issue of a constitutional magnitude about which jurists of reason could disagree. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). The petitioner, therefore, has made no substantial showing of the denial of a constitutional right, *id.,* and I will not issue a certificate of appealability. The clerk shall enter judgment for the respondent dismissing this action.

    SO ORDERED.

                              /s/ REGINALD C. LINDSAY
                              United States District Judge

DATED: June 17, 2005