UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

LUIS RIVERA,          :
     PETITIONER,      :
                      :
V.                    :
                      :
DAVID NOLAN,          :
     RESPONDENT.      :   NO. 04-12717-RCL

## MOTION FOR RECONSIDERATION OF DENIAL OF SUCCESSIVE PETITION OF WRIT OF HABEAS CORPUS BASED UPON EQUITABLE TOLLING

Now comes the petitioner Luis Rivera, acting pro se,
hereby moves this Honorable Court for Reconsideration of its
denial of his successive petitions for a Writ of Habeas Corpus
based upon Equitable Tolling pursuant to 28 U.S.C. §2244(d)(1)(2).
In support of this motion hereof the petitioner states:

1. This Honorable Court Reginald C. Lindsay, failed to
recognize that before him was a second successive petition for
a writ of habeas corpus and pursuant to 28 U.S.C. §2244(2) was
properly before the court.

2. On November 10, 2003, the petitioner filed his first
post conviction motion for a new trial.[1]

3. On November 20, 2003, petitioners Rule 30 motion was
denied.

-----------------------------------------------------------------

1. See 28 U.S.C. §2244(d)(2).

Page Two

4. Petitioner was not notified of the denial of his motion for a Rule 30 until March 1, 2004. See exhibit "A".

5. On April 2, 2004, I filed an application for leave to appeal which was transferred to the single justice Martha B. Sosman. Petitioner received notice on August 5, 2004.

6. On September 14, 2004, Martha B. Sosman, denied petitioner motion for appointment of counsel.

7. Petitioner wrote to Justice Sosman, and she modified her order and she allowed the application for appeal on September 14, 2004.

8. On December 14, 2004 Justice Spina denied the petition for leave to file late appeal.

9. On December 20, 2004, petitioner filed second petition for a Writ of Habeas Corpus. The petition was docketed on January 3, 2005.

10. On June 17, 2005, Reginald Lindsay, Distrcit Court Judge denied the petition and issuance of a Certificate of Appealability. See exhibit "B".

Its the petitioners contention that the Court abused its discretion when it denied the petition based on equitable tolling and then denied petitioner a certificate of appealability,

The petitioner respectfully requests a hearing on the merits of issuance of a certificate of appealibility.

Respectfully Submitted
By The Petitioner

Luis H. Rivera 2

Luis Rivera    pro se
MCI Norfolk
P.O.Box 43
Date: July 6th, 2005          Norfolk, Mass. 02056

CERTIFICATE OF SERVICE

I, Luis Rivera hereby certify under the pains and
penalties of perjury that a true copy of my motion has
been served upon the Assistant Attorney General for the
Commonwalth of Massachusetts. By first class prepaid first class
mail to his address on this day.

Date: 7-6-05

Luis F. Rivera S.

# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN,SS.                                    SUPERIOR COURT DEPARTMENT
                                              Nos 91-2247 thru 91-2251
                              *
COMMONWEALTH                  *
                              *                           HAMPDEN COUNTY
                              *                           SUPERIOR COURT
V.                            *                              FILED
                              *
                              *                           MAR - 9 2004
LUIS RIVERA                   *
****************************                              CLERK-MAGISTRATE

NOTICE OF APPEAL OF NEW TRIAL MOTION DENIAL RECEIVED
MARCH 3,2004 WITH MOTION JUDGE FORD ORDER CLERK   TO
ENTER MARCH 1,2004 LATE NOTICE ON DOCKET FOR PURPOSE
OF 30 DAY LIMITED C.278,SECTION 33E S.J.C.   APPEAL

          Now comes the defendant and, pursuant to
Appellate Rules 3,4 and 14(b), files his notice of appeal
from the clearly erroneous abuse of discretion of Judge Ford
denying a Rule 30(b) motion for a new trial purportedly on
November 20,2003, which the clerk gave first notice of by mailing
such decision on March 1,2004, where only 30 days are allowed
for filing a c.278,§ 33E single justice gatekeeper application
for leave to appeal,COMMONWALTH V. MAINS,433 Mass 30,37 n.10
(2000) and Judge Ford is know for cheating defendants out of appeals
by a pattern of either backdated rulings, or maliciously late
notice.see e.g. COMMONWEALTH V. THOMAS,Berkshire# 98-922(Ford,J.
Rule 30 denial on 8/30/02 given notice of on 9/19/03 late
appeal pending after Ford refused to correct error on 2/13/04).

          The defendant shall be filing his SJC Single
Justice petition winning reversal for a full evidentiary hearing
within 30 days of the March 1,2004 late notice and suggests that
Judge Ford make required Rule 30(b) findings of fact at this
time with respect to the several meritorious grounds presented in
the pro se new trial motion.

March 6,2004                       MOST RESPECTFULLY SUBMITTED,

COPY SERVED ON HAMPDEN
COUNTY DISTRICT ATTORNEYS OFFICE
                                   _Luis P. Rivera de_
                                   Luis Rivera pro se
                                   PO Box 100
                                   S.Walpole,MA.02071

108

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                    SUPERIOR COURT DEPT.

COMMONWEALTH              ✕ No. 91 - 224 D THRU
                          ✕    91 - 22 51
V.                        ✕    HAMPDEN COUNTY
                          ✕    SUPERIOR COURT
                          ✕    FILED
LUIS   RIVERA             ✕    NOV 1 0 2003
✕  ✕  ✕  ✕  ✕  ✕  ✕       ✕    Marie G. Mazza
                               CLERK-MAGISTRATE

DEFENDANT'S FIRST VERIFIED
MASS. CRIM. P. RULE 30 (b) MOTION
FOR A NEW TRIAL WITH EVIDENTIARY
HEARING AND ASSIGNMENT OF COUNSEL REQUESTS

Now comes the defendant, in the
Above entitled matter, And moves this court
FOR A NEW TRIAL pursuant TO MASS. CRIM. P.
Rule 30 (b), while Requesting an evidentiary
hearing And also Requesting Assignment
of counsel For such hearing pursuant to
S.J.C. Rule 3:10 And MASS. G.L. c. 211D §14,
Presenting the Following meritorious Ground
one Issue of ineffective Appellate counsel,
Ground Two Issue of both the Prosecutor
And Trial Judge misstating the meaning of
Reasonable doubt, Ground three Issue of
Ineffective Trial counsel who failed to
— 1 of 7 —

a/ All statements made herein are made under
Pain And penalty of perjury And All Trial
Transcript citations Are True And Accurate.
Also Affidavits From Jose Pacheco And Francis Babon.

nle

COMMONWEALTH OF MASS.

HAMPDEN, SS.                          SUPERIOR COURT DEPT.

                              ✕       No. 91-2247 THRU
COMMONWEALTH                  ✕✕              91-2251
                              ✕✕
V.                            ✕✕      HAMPDEN COUNTY
                              ✕✕      SUPERIOR COURT
LUIS RIVERA                   ✕       FILED

✕ ✕ ✕ ✕ ✕ ✕ ✕                         NOV 10 2003

                                      CLERK-MAGISTRATE

Denied ✓
again
11/20/03

MOTION FOR ASSIGNMENT OF COUNSEL AND
FOR SCHEDULING OF FULL EVIDENTIARY HEARING

    Now comes the defendant and
moves this court to overrule C.P.C.S.
coverup of attorneys Black and Couture's
ineffective assistance and misconduct
of attorney Stephenson and the prosecutor,
by directly Assigning counsel o.1/
pursuant to S.J.C. Rule 3:10 and Mass.
Gil. Chapter 211D §14 and for scheduling
an evidentiary hearing counsel is
necessary for COMMONWEALTH V HILL
432 MASS 704, 710 n. 15 (2000) (city Ferrara
exposing prosecutorial misconduct), As supported
by attached TRANSCRIPT pages showing
meritorious grounds one, two and
three, and attached affidavit of
                -1 of 2-

o.1/ Perhaps local attorney Jean M. Fielding who
is a recognized post-conviction expert or
John Thompson or Linda Thompson or attorney
John S. Ferrara who had Hill case experience, if



MARIE G. MAZZA, ESQUIRE
Clerk of Courts
Hampden Superior Court
P.O. BOX 559
Springfield, MA 01102-0559

Sjs

LEGAL

13

Luis F. Rivera, Jr. W-52352
P.O. Box 100
South Walpole, MA 02071

02071+0100  01

The Commonwealth of Massachusetts
BERKSHIRE DIVISION
Superior Court Department
76 East Street
Pittsfield, MA    01201
Tel. (413) 499-7487

September 19, 2003

Mr. Raymond Thomas
MCI Cedar Junction
P.O. Box 100
S. Walpole, MA 02071

        RE:   Commonwealth     Vs.     Raymond Thomas
              Indictment No. 980922

Dear Mr. Thomas:

        Enclosed please find a certified copy of the endorsement of Judge Ford dated August 30, 2002 denying your Rule 30 Motion for New trial without a hearing which was mailed to you last year.

        After reviewing your file, no action was taken on your motion for expedited hearing on your Rule 30 Motion filed on April 3, 2003 being that your motion was denied on August 30, 2002.

Very truly yours,

Deborah S. Capeless
Clerk

DSC/ds

Enc.

| | | Commonwealth | vs. | Raymond I. Thomas |
|---|---|---|---|---|
| **-2003-** | | | | |
| February 26 | -- | Notice from Committee for Public Counsel Services stating that after screening, CPCS will inform the court whether or not counsel will be appointed. | | |
| March 3 | (41) | Appearance of Attorney David Keighley with Certificate of Service for post-conviction screening purposes. | | |
| **-2003-** ecember 29 - 2 0 0 4 - | (42) | Defendant, Ryamond I. Thomas' Pro Se Motion To Vacate and Reimpose Judgmentto permit timely filing of Appeal for Motion for New Trial (Rule 30), filed. | | |
| February 13 | -- | P(#42)  DENIED (Daniel A. Ford, Justice).  Certified copy to Defendant. | | |

**MARIE G. MAZZA, ESQUIRE**
**CLERK OF COURTS**

---

**ADDRESS ALL COMMUNICATIONS TO:**
**CLERK, SUPERIOR COURT**
**DEPARTMENT OF THE TRIAL COURT**
**HALL OF JUSTICE**
**P.O. BOX 559, 50 STATE STREET**
**SPRINGFIELD, MASSACHUSETTS 01102-0559**



**Hampden Superior Court**
**Commonwealth of Massachusetts**
**Office of the Clerk of Courts**

Office (413) 735-6016 or 6017
Fax (413) 737-1611 TTY (413) 827-9379

**FIRST ASSISTANT CLERK**
**DAVID M. CHERNOCK**

**ASSISTANT MAGISTRATE**
**STEPHANIE A. ROSCOE, ESQ.**

**ASSISTANT CLERKS**
**KEVIN J. CLAFFEY, ESQ.**
**CHERYL A. COSSABOOM**
**MARY C. CULLINAN**
**WILLIAM L. EASON**
**JOHN J. FITZGERALD**
**LAURA S. GENTILE, ESQ.**
**TERRENCE C. GINLEY**
**DAPHNE G. MOORE, ESQ.**

March 12, 2004

Luis F. Rivera, Jr., W-52832
P.O. Box 100
S. Walpole, Mass. 02071

RE.: COMMONWEALTH VS. LUIS RIVERA
      Hampden Superior Court case nos. 91-2247-2251

Dear Sir:

Please be advised we are in receipt of your notice of appeal and the same has been filed and docketed in your case. However, you are referred to M.G.L. C.278, §33E for determining proper venue and procedure for filing such an appeal.

Very truly yours,

Nancy Ann Kedzior
Deputy Assistant Clerk

NAK/

EXHIBIT - B

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LUIS RIVERA,                    )
      Petitioner          )
                          )
v.                             )    Civil Action No. 04-12717-RCL
                          )
DAVID NOLAN,                   )
      Respondent          )

### ORDER ON RESPONDENT'S MOTION TO DISMISS THE PETITION

This is a case arising from a petition filed by Luis Rivera (the "petitioner") for habeas

corpus relief pursuant to 28 U.S.C. §2254. The petition asserts, as grounds for relief, ineffective

assistance of appellate counsel in the failure of counsel to argue meritorious grounds for appeal;

misstatements of the prosecution's burden of proof both by the prosecutor, in closing argument,

and in the final instructions given to the jury by the court; ineffective assistance of trial counsel

in the failure of counsel to call certain witnesses and to object to the admission of certain

evidence; prosecutorial misconduct in the procuring and offering of false testimony and in the

concealment of exculpatory evidence. The petitioner asserts all of these grounds pursuant to the

Sixth and Fourteenth amendments to the Constitution of the United States. The respondent has

moved to dismiss the petition on the ground that it is time barred.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year

limitation period with respect to habeas petitions filed in federal court by state prisoners; the

period begins to run from "the date on which the judgment [of conviction] became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.

2244(d)(1)(A). The record in this case indicates that, following the affirmance of the petitioner's conviction by the Supreme Judicial Court of Massachusetts in 1997, *Commonwealth v. Rivera,* 424 Mass. 266 (1997), the petitioner applied for a writ of certiorari from the Supreme Court of the United States. The Court denied that petition on October 13, 1998. *Rivera v. Massachusetts,* 525 U.S. 934 (1998). Thus under AEDPA, the petitioner's conviction became final on October 13, 1998 and he had one year from that date, or until October 13, 1999, to file his habeas petition. The petition, however, was not filed until December 28, 2004, more than five years after the expiration.of the period of limitations.

The petitioner points to a motion for new trial which he filed on November 10, 2003, presumably to suggest that the motion offers a reprieve from the running of the limitation peroid. AEDPA provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). The problem with the petitioner's arguent, however, is obvious: by the time the motion for new trial was filed in 2003, the limitation period had already expired. Specifically, on October 13, 1999, one year after the petitioner's conviction became final by the denial of the application for certiorari, AEDPA foreclosed federal habeas review. Thus, by the time the motion for new trial was filed, there was no limitations to suspend; the period had run. The motion for new trial could not resuscitate the present habeas claim once the limitation period had completely run its course.

Accordingly, the respondent's motion to dismiss the petition is granted. Because the disposition of the petition here is a result of straightforward application of the AEDPA statute of

2

limitations, the petition raises no issue of a constitutional magnitude about which jurists of reason could disagree. *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). The petitioner, therefore, has made no substantial showing of the denial of a constitutional right, *id.,* and I will not issue a certificate of appealability. The clerk shall enter judgment for the respondent dismissing this action.

     SO ORDERED.

                             /s/ REGINALD C. LINDSAY
                             United States District Judge

DATED: June 17, 2005

## EQITABLE TOLLING

1. The doctrine that the statute of limitations will not bar a claim if the plaintiff, dispite diligent efforts, did not discover the injury until after the limitations period had expired. Equitable tolling does not require misconduct by the defendant. [cases: limitation of actions (key) 104.5. C.J.S. limitations of action §§ 85-86, 121].

2. The doctrine that if a plaintiff files a suit first in one court and then refiles in another, the statute of limitations does not run while the litigation is pending in the first court if various requirements are met. Amoung those requirements are (1) timely Notice of the Defendant; (2) No prejudice to the defendnt; and (3) Reasonable and good faith conduct on the part of the plaintiff.