UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LUIS RIVERA,

    PETITIONER,

V.    NO.04-12717-RCL

DAVID NOLAN,

    RESPONDENT.

APPLICATION FOR THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY PURSUANT TO 28 U.S.C. § 2253 (c) (2) AND LOCAL RULE 22.1 (b)

---

Now comes The Petitioner Luis Rivera in the above-entitled matter, and he does Respectfully move this Honorable Court. Pursuant 28 U.S.C. § 2253 (c) (2) and local Rule 22.1 (b) for The issuance of a Certificate of appealability on The following Grounds.

A.   <u>Ground One:</u> The convictions were unlawfully affirmed through the non-strategic omission of meritorious grounds from direct appeal by and ineffective appellate counsel in violation of petitioner's sixth and fourteenth Amendment Rights.

---

Therefore Petitioner makes a substantial showing of the denial of a Constitutional Right, and that his claims, are debatable amongest Jurists and are Ripe for far more consideration.

B.   <u>Ground Two:</u> The convictions were unlawfully obtained by two related mistatements of proof beyond a reasonable doubt in prosecutor's closing argument and in the Jury instructions, in violation of the sixth and fourteenth Amendments Rights.

---

Therefore Petitioner makes a substantial showing of the denial of a Constitutional Right, and that his claims, are debatable amongest Jurists and are Ripe for far more consideration.

C.   <u>Ground Three:</u> The conviction was unlawfully obtained through multiple non-strategic omission by ineffective counsel at trial in violation of the

sixth and fourteenth Amendments Rights.

---

Therefore Petitioner makes a substantial showing of the denial of a constitutional Right, and that his claims, are debatable amongest Jurists and are Ripe for far more consideration.

D. <u>Ground Four</u>: The conviction was unlawfully obtained by the prosecution's knowing and deliberate presentation of false testimony and concealment of deal and Exculpatory Evidence in violation of the fourteenth amendment Rights.

---

Therefore Petitioner makes a substantial showing of the denial of a Constitutional Right, and that his claims, are debatable amongest Jurists and are Ripe for far more consideration.

Date October 3, 2005.

Respectfully Submitted
Luis F. Rivera Jr
*Luis F. Rivera Jr* (signature)
P.O. Box 43
Norfolk, Mass. 02056

CC. To Maura D. McLoughlin

## CERTIFICATE of SERVICE

I Luis Rivera hereby Certify under the Pains and Penalties of perjury that a true copy of my motion has been served upon the Assistant Attorney General for the Commonwealth of Massachusetts, by first class prepaid first class mail to his Address on this day. 3rd of october, 2005.

Date: October 3, 2005.

*Luis P. Rivera* (signature)

CC Maura D. Mclaughlin
   Office of the Atterney General
   One Ashburton Place, 18th Floor
   Boston, Mass, 02108

UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 05-2418

LUIS RIVERA,
Petitioner, Appellant,

v.

DAVID NOLAN, Superintendent,
Respondent, Appellee.

ORDER OF COURT

Entered: September 28, 2005

This court has docketed petitioner-appellant's appeal from the denial of his petition for writ of habeas corpus under 28 U.S.C. §2254. The case cannot go forward unless a certificate of appealability issues. 28 U.S.C. §2253. A request for a certificate of appealability must first be sought in the district court. *See* Local Rule 22.1(b).

It does not appear that petitioner-appellant has filed a request for a certificate of appealability in the district court. Accordingly, we direct petitioner-appellant to apply for a certificate of appealability from the district court forthwith. We further order petitioner-appellant to file a status report in this court by **October 28, 2005**, and *every thirty days thereafter*, informing us that he has applied for a certificate in the district court and advising us of the status of that application. We further order petitioner-appellant to inform us immediately once the district court reaches a decision on the application for a certificate.

If a status report is not filed by **October 28, 2005** and at **thirty-day intervals** thereafter, this appeal may be dismissed for want of diligent prosecution.

By the Court:

Richard Cushing Donovan, Clerk.

By __JULIE GREGG__
Operations Manager.

[cc: Mr. Rivera and Ms. McLaughlin]