# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 05-2418

LUIS RIVERA,

Petitioner, Appellant,

v.

DAVID NOLAN, SUPERINTENDENT,

Respondent, Appellee.

Before

Torruella, Circuit Judge,
Stahl, Senior Circuit Judge,
and Howard, Circuit Judge.

JUDGMENT

Entered: May 15, 2007

On June 21, 2005, the district court entered judgment dismissing this petitioner's motion for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The court reasoned that the petition was untimely pursuant to 28 U.S.C. § 2244(d)(1)(A) (providing for a one year period of limitation running from the date on which a conviction becomes final). Petitioner's notice of appeal, filed on September 16, 2005 is not timely from this June 21 judgment. See Fed. R. App. P. 4(a)(1)(A) (providing 30 days to file a notice of appeal). Accordingly, the June 21 decision is not properly before us.

However, petitioner had filed a motion for reconsideration on July 12, 2005, which the district court denied on September 8, 2005. As the July 12 motion for reconsideration was filed more than ten days after the June 21 entry of judgment, we construe the July 12 motion as one filed pursuant to Fed. R. Civ. P. 60(b). Moreover, because, in that Rule 60(b) motion, petitioner was

asserting that the June 21 dismissal was erroneously based on the statute of limitations bar, we treat that filing as a proper Rule 60(b) motion and not as the equivalent of a second or successive habeas petition. See Gonzalez v. Crosby, 545 U.S. 524, 532 n.4 (2005) (distinguishing a motion for relief from judgment that is a proper Rule 60(b) motion from one which is the equivalent of a second or successive habeas petition). The September 16 notice of appeal is timely from this September 8 district court order. And, we construe petitioner's request for a certificate of appealability as a request directed at the September 8 denial of the Rule 60(b) motion. We grant that certificate. See Slack v. McDaniel, 529 U.S. 473, 484 (2000)(when district court dismisses habeas petition on procedural ground, a certificate of appealability should issue if soundness of procedural ruling is debatable and constitutional claim is colorable).

In his opposition to the Commonwealth's motion to dismiss his habeas petition, petitioner had argued that his petition was timely, citing 28 U.S.C. § 2244(d)(1)(D), which provides that the one year period of limitations runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner also cited allegedly newly discovered evidence consisting of an October 2003 affidavit of a key prosecution witness and a November 2003 new trial motion filed in state court. See 28 U.S.C. § 2244(d)(2) (excluding the time during which a properly filed application for state collateral review is pending). In his Rule 60(b) motion, petitioner reiterated his citation to 28 U.S.C. § 2244(d)(1) and (2) and referenced "equitable tolling." We believe these references, if somewhat inartful, sufficed to bring the petitioner's timeliness argument, based on § 2244(d)(1)(D), to the district court's attention. Yet, the district court did not address that contention, concluding only that the petition was not timely because it had not been filed within a year of the final date of petitioner's conviction - a conclusion that petitioner did not dispute.

We vacate the denial of the Rule 60(b) motion and remand to the district court with instructions to consider the petitioner's argument with respect to § 2244(d)(1)(D). We intimate no view as to the merits of this argument - for example, whether petitioner can demonstrate the due diligence required by that provision. This is a matter properly considered by the district court in the first instance.

The motion for appointment of counsel in our court is denied as moot.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

*[signature]*
Deputy Clerk

Date: JUN 05 2007

By: __MARGARET CARTER__
       Chief Deputy Clerk.

[Cert. cc: Hon. Reginald C. Lindsay and Sarah A. Thornton, Clerk, U.S.D.C. of Massachusetts, cc: Mr. Rivera and Ms. McLaughlin]