UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

LUIS RIVERA
    Petitioner

2008 JAN 18  A 11: 40

Vs.                        Civil Action No. 04-12717-RGS

U.S. DISTRICT COURT
DISTRICT OF MASS.

DAVID NOLAN
    Respondent

PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION
TO THE FACTS AND LAW REGARDING 28 U.S.C. §2444(d)(1)(D)

    Now comes the petitioner and with respect to misdirections and misleading in respondent's, Attorney General Maura D. McLaughlin's opposition files. The following reply focusing on the facts.

## Introduction

1.    On page 5 of the respondent's opposition she claims that no effort was shown by the petitioner, to the contrast the petitioner has met the burden through his 8 exhibits filed in support of his pro-se memorandum were exhibit 1, the petitioner pro-se wrote the clerk of court in Hampden County, and to no avail did he received "Pacheco's Docket Entrees, and even if he could of acquired them, Mr. Pacheco's motion to dismiss all 4 murder indictments to place in Judge Spina's lobby conference, with A.D.A. Howard Safford, Mr. Pacheco's Attorney, Charles Stepheson, and without a court reporter present; let alone the petitioner's counsel, there's no written record of the meeting (lobby conference). See...

exhibit 6, at page 13. In re: <u>Commonwealth vs. Rebello,</u> SJC 09174.

2. Furthermore: The respondent also has mislead the facts, when in fact the witness was released by the petitioner's trial Judge on July 2, 1992; from a Two Million Dollar Bail, to a personal recognizance pending trial with out any objection by the Commonwealth.

Pacheco's was release pending his trial occurred only after Pacheco gave testimony against the petitioner. See... exhibit 6, at page 12 (supra) "Rebello's Memorandum Decision."

3. It is importance to point out to this court that Mr. Pacheco's testimony at trial was that he hope for consideration but that there was no deals, and he went on further to mislead by saying that his lawyer told him that he was going to face trial, and most likely he would do time.

4. See... Tr. Vol. 6, at page 152, regarding the petitioner's trial transcripts docket No. 91-2247-51; this is the testimony that the trial Judge Daniel A. Ford, heard under oath, and Judge Ford, allowed him to go free, four (4) days after testifying against this petitioner for the case at bar pleading.

5. In the petitioner's opinion the trial Judge, liking to Judge Spina, should have recuse himself from the Crim. P. Rule 30(b) Hearing, because of the impropriety. See... exhibit 6, at page 2, of the docket entries.

6. In the denial of the petitioner's Rule 30(b) (supra), Judge Ford, stated: "I have a fairly clear memory of the witness Jose Pacheco's testimony, having hard it twice-both at [the petitioner's] trial, and at the trial of his co-defendant, Iran Diaz, I simply do not believe his (Pacheco's) alleged recantation, having given the matter serious consideration."

7. Petitioner ask this court what consideration did judge Ford had when he heard testimony four days prior to him allowing a murder defendant out free on a personal recognizance without any objection form the prosecution, and still believe he can be impartial in the petitioner's Rule 30(b) Motion Id. See... exhibit 4 of the petitioner's memorandum. See... Ely v. Matesanz, 983 F.2d Supp. 21, 35-45, (D.Mass. 1997). Also See... Jackson v. Marshall, 500 F.2d Supp. 1 (D. Mass. 2007).

8. Furthermore, the petitioner brings to the attention to this court, that on page 4 footnote, respondent claims that grounds 1-3, the petitioner did not exhaust his claims, claim in State Court.

9. The petitioner argues to the contrary of Justice Spina's involvement, that he did commit conflict of interest, and did impede, the petitioner from exhausting his claims to the full bench of the State Court (SJC).

10. Conclusion: For the foregoing reasons set forth above and in the petitioner's reply to respondent's motion to dismiss and accompanying memorandum the petitioner respect-

fully request's that this court enter an order to dismiss the respondent's motion as being late, and to grant the petitioner's habeas petition, as being timely filed.

Respectfully submitted

*Luis F. Rivera*

Luis F. Rivera, Jr
MCI-Norfolk
Post Office Box # 43
Norfolk, MA 02056-0043

### CERTIFICATE OF SERVICE

The defendant, hereby certify on the day: 17 , Month: of: JAN , 2008, that he has forwarded a copy of the foregoing four (4) page Petitioner's Reply To Respondent Opposition To the Facts And Law Regarding 28 U.S.C. §2444(d(1)(D) via: 1st Class Mail Postage Prepaid;

TO:  Maura McLaughlin, AAG
     One Ashburton Place
     Boston, MA 02108

*Luis F. Rivera*

Luis F. Rivera, Jr., pro-se

(4)