UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

No. 04-CV-12717

LUIS RIVERA,
Petitioner,

Vs.

DAVID NOLAN,
Respondent,

MOTION FOR JUSTICE RICHARD G. STEARNS
TO APPOINT COUNSEL

The Petitioner in this matter, proceeding pro se, asks the Honorable Justice Richard G. Stearns to appoint counsel in this matter. In support of this Motion, the Petitioner states as follows:

This is a federal habeas case arising out of a Massachusetts state court conviction for two counts of first degree murder. See Commonwealth v. Rivera, 424 Mass. 266, 675 N.E.2d 791 (1997).

Proceeding pro se, the Petitioner filed this Petition on December 28, 2004. His petition was based primarily on allegedly newly discovered evidence consisting of an October 2003 affidavit from a key prosecution witness, which he properly raised in the state appellate process. This district court (Lindsay, J.) dismissed the petition on June 21, 2005, on the grounds that it was untimely.

The Petitioner sought a certificate of appealability on the

(1)

petitoners and that he (Attorney Wood) has applied for admission to this panel. It seems to Petitoner that Attorney Wood would be an appropriate candidate for appointment of counsel from the new habeas panel.

For the foregoing reasons, this Petitioner respectfully requests that the Honorable Richard G. Stearns appoint counsel Chauncey Wood to represent Petitioner in this matter.

Date: MArch 13, 2008.

Respectfully Submitted,

x _Luis F. Rivera 2_

Luis Rivera, pro se
MCI Norfolk
P.O. Box 43
Norfolk, MA 02056-0043

cc: file
    Charles Rankin, Esq.
    (Chairman, CJA Board)
    Chauncey B. Wood, Esq.

(3)

*EXHIBIT "A"*

# United States District Court
# District of Massachusetts

LUIS RIVERA,
    Petitioner,

v.

DAVID NOLAN,
    Respondent.

CIVIL ACTION NO. 04-12717-RGS

## *MEMORANDUM AND RULING ON PETITIONER LUIS RIVERA'S CLAIM THAT HIS PETITION IS TIMELY APPLYING 28 U.S.C. § 2244(d)(1)(D) (#30)[1]*

COLLINGS, U.S.M.J.

### I. Introduction

*Pro se* petitioner, Luis Rivera ("petitioner"), who is currently serving two natural life sentences in state prison, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1), challenging his 1999 state conviction on

---

[1] This pleading does not set forth a claim, per se, but rather offers arguments to support petitioner's contention that his habeas claims are timely.

however, petitioner conceded that the first three grounds were not timely exhausted in the state court and waived his rights with respect to them.[3] (#31-2 at 6) Thus the court need now only consider the fourth and final ground presented in the petition.

Specifically, the fourth ground for requested relief contends that the petitioner's conviction was unlawfully obtained through the prosecution's knowing use of false testimony. To support his claim, petitioner presents three affidavits signed by Jose Pacheco ("Pacheco"). Pacheco was a prosecution witness against petitioner during his trial; his affidavits now offer recantations of his earlier trial testimony. Petitioner argues that this new evidence provides grounds for habeas relief in that the prosecution's failure to disclose the evidence of inducements, which the petitioner asserts could have been used to impeach Pacheco, violated his right to due process under *Brady v. Maryland*,

---

[3] The first three grounds for requested relief each harken to injustices allegedly occurring during petitioner's trial or the appeal directly following, namely: (1) ineffective appellate counsel which failed to argue on appeal that the prosecutor's and trial judge's misstatements concerning the burden of proof to the jury were prejudicial; (2) the aforementioned misstatements were in violation of the Sixth and Fourteenth Amendments and Article 12 of the Massachusetts Declaration of Rights; and (3) ineffective trial counsel evidenced again by the misstatements concerning the burden of proof. (#1 at 2-3) Even if petitioner had not himself waived these grounds, this court would now find them time-barred. Unlike the fourth ground upon which petitioner requests relief, these three grounds offer no newly discovered fact which could trigger an examination of timeliness under § 2244(d)(1)(D). *See also Libby v. Magnusson*, 177 F.3d 43, 49-50 (1st Cir. 1999). Because the initial trial or appellate process concluded when the Supreme Court denied petitioner's writ of certiorari on October 13, 1998, these three grounds for relief each fall far short of the one-year time limit set forth under § 2244(a) and are thus necessarily time-barred.

denied on December 17, 2004. Three days later, on December 20, 2004, petitioner mailed his petition for writ of habeas corpus, and his petition was filed with this court on December 28, 2004.

The respondent opposes the petitioner's memorandum, arguing that the claims are time-barred under the one-year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).[6] Ordinarily, the limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Subparagraphs (B)-(D), however, govern to allow later filings when applicable.

In the case at hand, subparagraph (D) applies. Subparagraph (D) allows the time to begin running on the limitations period from "the date on which

---

[6] Section 2244(d)(1), provides:
>  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

statute of limitations period. To wit, the court must determine whether Pacheco's recantations comprise a newly discovered factual predicate that petitioner could not have discovered earlier.

Pacheco's recantations substantially contradict his trial testimony. In his first affidavit, Pacheco recants his testimony during petitioner's trial concerning his involvement in the two murders. During petitioner's trial, Pacheco claimed to be a witness to petitioner's assassination of the two victims. He testified that the petitioner held a gun to his head and forced him to drive the petitioner and another defendant, along with the two victims, to a deserted location; there, Pacheco witnessed the petitioner and the other defendant shoot and kill the two victims. In his recantation, Pacheco now claims that petitioner never held a gun to his head; that instead of driving them to the scene of the murders, Pacheco was dropped off at his mother's house. As such, he did not witness the murders.

In his second affidavit, Pacheco further attests that he lied under oath about whether he had an agreement with the prosecution in return for his favorable testimony; he now states that he had a verbal agreement with the assistant district attorney that he would be released on low bail and would not

interviewing the police officer or calling him as a witness. *Id.* at 5. Citing *Wood*, respondent in this case contends that, with the exercise of due diligence, the petitioner in this case could have gained the knowledge cited in Pacheco's recantations earlier.

However, unlike *Wood*, in which the petitioner's attorney failed to interview the police officer or call him to testify, the petitioner's attorney here duly cross-examined Pacheco. When asked if he had received any inducements or favors, Pacheco testified that he had not. (#31, Exh. 3 ¶ 2) Without any evidence contradicting Pacheco's testimony, petitioner had no reason to disbelieve him.

Respondent proffers testimony from Pacheco's attorney, Charles Stephenson, who claims that Pacheco appeared in civilian clothes during petitioner's trial, which could have indicated that a bail arrangement had been made, and that the "other defense lawyers . . . were aware of that circumstance and attempted to exploit it." (#31, Exh. 4, Affidavit of Charles K. Stephenson, ¶ 8) In his reply, however, petitioner notes that Pacheco was

9

particular circumstances present." *Loudner*, 203 F. Supp.2d at 1094 (citing cases).

The court finds that the petitioner in this case exercised due diligence. Petitioner had no contact with Pacheco while in prison; he had no way of knowing that the charges against Pacheco had been dropped. Indeed, petitioner submits evidence that he requested Pacheco's trial docket in 2001 in an attempt to discover whether any plea had been made following his appearance at petitioner's trial, but his request went unanswered. (#30, Exh. 1) Without such knowledge, it strains the imagination how petitioner could discover Pacheco's recantation before he received it in the mail.

This is not the first time this court has considered whether an imprisoned petitioner has exercised due diligence in attempting to discover a factual predicate for Section 2244(d)(1)(D) purposes. *See Perkins v. Russo*, No. 02-10460, slip op. (D. Mass. Sept. 21, 2006). In *Perkins*, the petitioner discovered new evidence while in prison to support a claim that a witness' testimony during his trial was falsified. There, as in this case, this court rejected the argument that the petitioner should somehow be accountable for ascertaining the veracity of a witness' sworn trial testimony without any reason for so

affidavit to petitioner, nor can it deduce how long it took for the affidavit to travel through the state prison's various mail systems, the court has no choice but to accept petitioner's sworn attestation as to the date he received the first affidavit.

Lastly, the court stresses that its consideration of petitioner's motion is limited to its timeliness under Section 2244(d)(1)(D). It offers no conclusions as to the credibility of the witnesses' recantation or to the viability of petitioner's claim of either a *Brady* violation or his actual innocence. This decision also does not address petitioner's repeated assumptions that the judges who reviewed his case or the cases of any of his co-defendants should automatically and *sua sponte* recuse themselves from any further proceedings on his behalf.

### IV. Ruling

For all the above reasons, the Court RULES that ground four of Petitioner's Petition for Writ of Habeas Corpus is not time-barred.

/s/ *Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

March 10, 2008.

**EXHIBIT "B"**

# SHEA, LaRocque & Wood, LLP
47 Third Street, Suite 201
Cambridge, Massachusetts 02141-1265

Mark W. Shea
Jean C. LaRocque
Chauncey B. Wood*
Austin C. Tzeng

TEL 617.577.8722
FAX 617.577.7897

April 13, 2007

Mr. Luis Rivera, W52832
MCI - Norfolk
2 Clark Street, P.O. Box 43
Norfolk, MA 02056

Dear Mr. Rivera:

I have received your package concerning your federal habeas litigation. I reviewed it quickly. You ask whether I have "any opinion or insight". I am not sure what you mean. Having reviewed the affidavit of Mr. Pacheco, and your memorandum in support of a Certificate of Appealability, I think you have made an interesting argument both on the merits and as to why you have satisfied the statute of limitations applicable to claims brought under 28 U.S.C. § 2254.

I note, however, that Mr. Pacheco indicated he was incarcerated at MCI Walpole. When I tried to find him in the DOC system I could not. If he is still incarcerated, and he is facing a lengthy sentence, this would create an obvious explanation for his willingness to recant - he has nothing to lose since he is already incarcerated and lots to gain, since by recanting he helps out a fellow inmate. (If he has been released, this reasoning would not apply.) Please understand, I am <u>not</u> saying that he is lying. Rather, I am simply noting what the Court will think. Nevertheless, I think a Court might grant your request for an appeal and then remand the matter to the district court for an evidentiary hearing.

Beyond this, I am not sure if you are asking me to represent you. If you are, I would be happy to do so in the event that the First Circuit grants your request for a Certificate of Appealability. I assume you do not have the funds to retain me because you filed a request to proceed in forma pauperis. Therefore, you would have to convince the Court of Appeals to appoint me. If you wish to do so, you may write to the Court of Appeals and ask them to appoint me to handle your case under the Criminal Justice Act. I authorize you to inform them that I have reviewed the case and am willing to accept the appointment.

In any event, I wish you the best of luck in your efforts to obtain your freedom.

Sincerely,

*Chauncey B. Wood*
Chauncey B. Wood

*ALSO ADMITTED IN NEW YORK AND THE DISTRICT OF COLUMBIA