UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
LUIS RIVERA,           )
     Petitioner,       )
                       )
                       )
     -v-               )       CIVIL ACTION
                       )       NO. 04-12717-RGS
                       )
DAVID NOLAN,           )
     Respondent.       )
                       )
```

<u>PETITIONER LUIS RIVERA'S MOTION TO STRIKE DEFENDANT'S
OPPOSITION AS LATE PURSUANT TO FED.R.CIV.P. 12(f),
WITH OBJECTIONS</u>

NOW COMES Petitioner Luis Rivera in the above-entitled matter, and he does hereby respectfully move this Honorable Court pursuant to Fed.R.Civ.P. 12(f), to strike Defendant's Opposition as late. Petitioner further objects to Defendant's late filing as it will prejudice him in this litigation because Petitioner filed his reply to Defendant's opposition thinking that he was replying to Defendant's opposition when he was not. There was no opposition to file a reply to, thus, Defendant's had a tactical advantage over Petitioner's arguments.

The grounds for this motion are as follows.

1. On April 7, 2008, Petitioner filed a Petition for writ of habeas corpus and memorandum of law, with attachments, paper No. 37.

2. On June 4, 2008, the Judge Magistrate (Collings, MJ) ordered Defendant's to file a memorandum of law in opposition to the merits of the petition on or before the close of business on

July 2, 2008, paper No. 37).

3. On July 2, 2008, Petitioner received a copy of Defendant's Opposition memorandum of law from Defendant/Respondent's attorney, Maura D. McLaughlin. Respondent's attorney also stated on her cover lettter that "[t]his document was electronically filed with the court today." (See Exhibit "A", attached hereto).

4. Petitioner immediately filed for leave to file a reply to Defendant's opposition memorandum.

5. While Petitioner was waiting for a ruling, he sent for the Court's doket entries on August 6, 2008. To Petitioner's surprise, he found that the dockets were inaccurate, and confusing because the record does not reflect Defendant's opposition filed on or before July 2, 2008. In fact, the records shows that Defendant's opposition was filed on July 24, 2008. (paper No. 40).

6. On August 11, 2008, Petitioner filed a notice with the Court complaining that he was not served with Defendant's opposition to his reply memorandum. (paper No. 38). The Court explained and sent Petitioner a copy of Defendant's opposition, but it was to Petitioner's original memorandum, not his reply, therefore, Defendant's memorandum of law in opposition is late.

-3-

7.   Petitioner apologizes for any inconvenience or confusion as to the filings in this case, but Petitioner does hereby object to Defendant's late filing of his opposition.

8.   For example, the Court granted Defendant until July 2, 2008, to file his opposition, which was 21 days. Defendant did not file his opposition until July 24, 2008, 22 days late. Defendant had exactly 43 days in order to file a memorandum, when the Court only allowed 21 days.

9.   Petitioner now moves this Honorable Court to strike Defendant's opposition as late because he did not file for an enlargement of time before the due date, or after.

10.   Petitioner respectfully argues that as defined in Rule 12(f) motions to strike are directed to "pleadings" only. Consequently, these motions are technically not available to strike materials contained in motions, briefs, memoranda, or affidavit. See Pilgram v. Trustees of Tufts College, 118 F.3d 864 (1st Cir. 1997)(rules does not apply to motion papers or supporting affidavit); Van Danacker v. Main Motor Sales Co., 109 F.Supp.2d 1045, 1047 (D.Minn. 2000)(Plaintiff's opposition memorandum not subject to motion to strike).

11.   However, such motions may be treated by the court as an invitation to adjudicate the admissibility of certain materials. See United States v. Southern Cal. Edison Co., 300 F.Supp.2d 964, 973 (E.D.Cal. 2004). The decision to grant or deny a

motion to strike is vested in the trial judge's sound discretion. See Morell v. United States, 185 F.R.D. 116, 117-18 (D.P.R. 1999). Although a motion to strike has to be made before a responsive pleading is filed, see Circuit Sys., Inc. v. Mescalero Sales, Inc., 925 F.Supp. 546, 548 (N.D.Ill. 1996)(motion made beyond 20-day period is untimely and subject to denial), in the view of the court's authority to strike on its own initiative (sua sponte), this 20-day period is often not applied strictly when the proposal to strike has merit. See In re Complaint of Rationis Enters of Panama, 210 F.Supp.2d. 421, 424-25 (S.D.N.Y. 2002)(noting that while rule requires motion to strike to be filed within 20-days after service court's power to strike on its own initiative permits consideration of untimely motions to strike); Wine Markets Int'l, Inc. v. Bass, 177 F.R.D. 128, 133 (E.D.N.Y. 1998)(holding that court's discretion "renderes the twenty (20) day rule 'essentially unimportant'"). Therefore, at any time, the Court may, on its own initiative, strike matter from a pleading. See Calcutt v. SBU, Inc., 224 F.Supp.2d 691, 701 (S.D.N.Y. 2002). Thus, the Court may properly consider a party's untimely motion or "suggestion" under Rule 12(f) to strike matter from the pleading. See Federal Deposit Ins, Corp. v. Ornstein, 73 F.Supp.2d 277, 280 n.2 (E.D.N.Y. 1999); Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999).

-5-

12.  Petitioner further argues that Respondent falied to request for an enlragement of time before the due date pursuant to Fed,R.Civ.P. 6(b).  See Hetzel v. Bethlehem Steel Corp., 50 F.3d 360, 367 (5th Cir. 1995)(observing that district courts are granted "broad discretion" under Rule 6(b) to expand filing deadlines).  The district courts may also grant an enlargement "for cause shown."  See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 896 (1990) (noting that cause must be shown before an enlargement of time is granted).

13.  Respondent failed to file a motion for enlargement of time because he would not have had a good reason to do so.  The Court was clear in its order that Respeondent had up to and including, July 2, 2008, to file his opposition, but he did not.  In adiition, Respondent failed to request leave to file an enlargement of time after the due date had expired.  See Committee For Idaho's High Desert, Inc. v. Yost, 92 F.3d 814 (9th Cir. 1996).  Petitioner argues that any request for an enlargement after the due dates have expired, the district court's discretion is more restricted.  Again, no late filing from Respondent, probably because he did not have a legitimate reason for filing a late document.

14.  Petitioner argues that "[w]hen parties wait until the last minute to comply with a deadline, they are playing with fire."  See Spears v. City of Indianapolis, 74 F.3d 153, 157

(7th Cir. 1996).

15. This is so in this case. Respondent was ordered by the district court to file an opposition to Petitioner's writ of habeas corpus on the merits by July 2, 2008, and they failed to do so. Respondent never requested for an enlargement of time either before the due date expired or after they had expired. Respondent did not request leave to file his opposition late. Therefore, there is no document per se before the Court, thus, nothing for the Court to review.

WHEREFORE, Petitioner prays that his Motion To Strike Defendant's Opposition As Late Pursuant To Fed.R.Civ.P. 12(f), With Objections.

Respectfully submitted<br>
by Petitioner,<br>
<br>
*Luis H. Rivera*<br>
Luis Rivera, pro-se<br>
P.O. Box 43<br>
Norfolk, MA 02056

Dated: August 21, 2008

-7-

## CERTIFICATE OF SERVICE

I, Luis Rivera, Petitioner certifies that he has served Respondent's attorney, Maura D. McLaughlin, assistant attorney general, One Ashburton Place, Boston, Massachusetts 02108, one true and accurate copy of Petitioner Luis Rivera's Motion To Strike Defendant's Opposition As Late Pursuant To Fed.R.Civ.P. 12(f), With Objections, and attachments, on this 21 day of August, 2008, by first class mail, postage prepaid.

*Luis P. Rivera*
Luis Rivera

*Exhibit A*



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

July 2, 2008

**Via First Class Mail**

Mr. Luis Rivera
W-52832
MCI- Norfolk
Post Office Box 43
Norfolk, Massachusetts 02056

    Re:    Luis Rivera v. David Nolan
            <u>Civil Action No. 04-12717-RCL</u>

Dear Mr. Rivera:

    Enclosed please find a copy of the Respondent's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus. This document was electronically filed with the court today.

    Thank you for your attention to this matter.

Very truly yours,

Maura D. McLaughlin